RECEIVED
BY: W
AUG 0 4 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| PAMELA NICHOLE MATTHEWS BEENE | CIVIL ACTION NO. 08-479 |
| VERSUS | JUDGE DONALD E. WALTER |
| TOWN OF BENTON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss [Doc. #7] filed on behalf of the defendants, Benton Police Department, Town of Benton, Steve Trujillo, Gene Portrace and Charles Pilkington ("Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). In this motion, Defendants move to dismiss plaintiff's equal protection claims and all claims against the Benton Police Department. Plaintiff has filed an opposition to this motion. [Doc. #9] For the reasons assigned herein, the Defendants' motion to dismiss is **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff, Pamela Nichole Matthews Beene ("Beene"), brings this action pursuant to 42 U.S.C. §1983 and §1988, the Fourth and Fourteenth Amendments to the United States Constitution, Louisiana Constitution Article 1, §§2, 5, and Louisiana Civil Code Articles 2315, 2317 and 2320. This matter was originally filed in the 26th Judicial District Court, Parish of Bossier, and removed to this Court. This suit stems from an altercation between Beene and her estranged husband at her residence. A fight occurred between Beene, her guests and the estranged husband. Beene was ultimately arrested and briefly detained in jail until bail was posted. Beene filed suit against the officers who arrested her, the police chief, the Benton Police Department and the Town of Benton.

Beene has also filed a supplemental and amending complaint.[Doc. #12, filed June 2, 2008.]

In the Motion to Dismiss, Defendants claim that 1) Beene fails to state an equal protection claim upon which relief can be granted contending that plaintiff has failed to set forth any allegations in support of her claim that she was deprived of equal protection of the laws and violations of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S. C. §1983 and §1988; and 2) that the Benton Police Department is not a separate juridical entity subject to suit and that all claims against the Benton Police Department should be dismissed.

## LAW AND ANALYSIS

On a Rule 12(b)(6) motion to dismiss, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To survive such a motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

In the Motion to Dismiss, Defendants first assert that Beene fails to state an equal protection claim under the Fourth and Fourteenth Amendments of the Constitution of the United States and under 42 U.S. C. §1983 and §1988. Specifically, Defendants argue that Beene has failed to set forth that she is included in a protective class and that she has failed to set forth any alleged acts that would be considered a deprivation to that class.

Beene, in her Opposition to the Motion to Dismiss, discusses the standards of a gender-based Equal Protection in Shipp v. McMahon, 234 F.3d 907 (5th Cir. 2000), overruled in part on other grounds, which found that:

2

to sustain a gender-based Equal Protection claim based on law enforcement policies, practices, and customs toward domestic assault and abuse cases, a plaintiff must show: (1) the existence of a policy, practice, or custom of law enforcement to provide less protection to victims of domestic assault than to victims of other assaults; (2) that discrimination against women was a motivating factor; and (3) that the plaintiff was injured by the policy, custom, or practice.

Beene contends in her complaint and amending complaint that she was assaulted and battered by her estranged husband after he came to her residence in two separate incidents. During the last incident, plaintiff had a protective order against the estranged husband. In the last incident, she was arrested for disturbing the peace and as an accessory after the fact to aggravated second degree battery allegedly committed by her own brother (against the estranged husband) even though the brother was never arrested as a principal to the crime even though he had gone to the police to let them know he was the one who committed the crime. Beene contends the second "false" arrest and false imprisonment caused her to lose custody of her minor child.

Under the Shipp requirements, plaintiff first claims that it was the policy, practice or custom of the Benton police to provide her, a victim of domestic battery and assault, with less protection than was provided to her estranged husband, who was the alleged victim of an assault and less protection than afforded to the alleged perpetrator (her brother) of a battery against the estranged husband. Looking at the facts in a light most favorable to her, plaintiff fails to show that there was a policy, practice of custom of the police department to provide victims of domestic assault with less protection than victims of other assaults. Because plaintiff does not meet the first requirement under the Shipp case, it is not necessary to go through the other requirements in that case. Defendants' Motion to Dismiss concerning the equal protection claims is therefore granted.

In addition, Defendants also claim in the Motion to Dismiss that the Benton Police

3

Department is not a separate juridical entity subject to suit and that all claims against the Benton Police Department should be dismissed. In her "Opposition to the Motion to Dismiss," "Beene concedes that her original complaint could not state any claims against the Benton Police Department." Beene has filed a "First Supplemental and Amending Complaint" that has removed any reference to such claims. Because Beene has conceded that the Benton Police Department is not a separate juridical entity subject to suit, the defendants' motion to dismiss on this claim is granted.

## **CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED** dismissing Beene's equal protection claims and Beene's claims against the Benton Police Department.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE